IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CR-18-47-SLP |
| ) | CIV-21-688-SLP |
| ) | |
| MIGUEL BERZOSA-FLORES, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Miguel Berzosa-Flores's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 1537]. The Government has responded, *see* [Doc. No. 1545], and Defendant has replied, *see* [Doc. No. 1554]. For the following reasons, the Motion is DENIED.

On March 7, 2018, a 48-count indictment was issued, charging Defendant along with 31 codefendants. *See* Indictment [Doc. No. 1]. On June 5, 2018, the grand jury returned a 62-count superseding indictment, charging Defendant and 34 codefendants with crimes related to drug trafficking and money laundering.[1]  *See* Superseding Indictment [Doc. No. 406]. The Government filed a Superseding Information [Doc. No. 777] on February 21, 2019, charging Defendant with one count of maintaining a drug involved premises and one count of possession of an unregistered sawed-off shotgun.[2]  On March

---

[1] Defendant was charged in Counts 1, 6, 48, 50, and 52.

[2] The Superseding Information also included a forfeiture allegation.

14, 2019, Defendant appeared before the Court, petitioned to enter a guilty plea, and waived his right to indictment and jury trial.  *See* Waive & File Hearing Minute [Doc. No. 846]; Petition [Doc. No. 848]; Waiver of Indictment [Doc. No. 850]; Waiver of Jury Trial [Doc. No. 852].  Defendant appeared for sentencing on February 4, 2020 and the Court sentenced him to a term of 168 months.  *See* Judgment [Doc. No. 1364].  Defendant did not appeal his conviction and sentence.  On July 2, 2021, Defendant filed the instant Motion, asserting four grounds for relief.

A one-year limitations period governs Defendant's Motion.  28 U.S.C. § 2255(f).  The limitations period runs from the latest of four specified dates.  *Id*.  Here, as in most instances, the triggering date is "the date on which the judgment of conviction becomes final."  *Id*. § 2255(f)(1).  The Court entered judgment on February 4, 2020.  Because Defendant did not file a direct appeal, his judgment became final fourteen days later, on February 18, 2020.  *See* Fed. R. App. P. 4(b); *see also United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); *United States v. Mathisen*, 822 F. App'x 752, 753 (10th Cir. 2020) ("Defendant never filed a direct criminal appeal.  For purposes of § 2255, that means his criminal conviction became final when his time for filing a direct appeal expired—fourteen days after the district court entered its judgment of conviction." (citing Fed. R. App. P. 4(b)(1)(A)(i))).  The one-year limitations period began to run on February 19, 2020 and expired on February 19, 2021.  *See United States v. Hurst*, 322 F.3d 1256, 1259–60 (10th Cir. 2003); *Carter v. Clayton*, No. 21-7049, 2022 WL 484033, at *3 (10th Cir. Feb. 17,

2022) (noting *Hurst* "adopt[ed] 'anniversary date' approach to counting statute of limitations where limitations period begins day after finality and runs to anniversary of that date, even in a leap year"). Defendant did not file his Motion until July 2, 2021. Accordingly, Defendant's Motion is untimely and must be dismissed unless he can demonstrate that the one-year limitations period should be tolled.

The Court, construing the Motion liberally, concludes Defendant seeks equitable tolling of the limitations period. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). "Equitable tolling of the limitations period is available 'when [1] an inmate diligently pursues his claims and [2] demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). But "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). Unsurprisingly then, "[a]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Here, Defendant argues that the COVID-19 pandemic "resulted in the Attorney General placing all federal inmates on lockdown in order to stem the flow of the virus." Mot. [Doc. No. 1537] at 12. When he arrived at "his designated place of confinement two months after he was sentenced," he asserts that "[t]he law library was inaccessible to

3

inmates due to the pandemic." *Id.* But courts have routinely rejected the contention that pandemic-related lockdowns automatically justify equitable tolling. *See United States v. Tinsman*, No. 21-7024, 2022 WL 3208346, at *4 (10th Cir. Aug. 9, 2022) (collecting cases). Here, Defendant offers no "details of the lockdowns or their effects." *United States v. Crist*, No. 22-2090, 2022 WL 17660540, at *2 (10th Cir. Dec. 14, 2022) (denying application for COA when inmate made only "vague references to being unable to timely file his § 2255 motion due to the effects from COVID-19 lockdowns"). By failing to include basic factual information—like the dates of the lockdown or the specific restrictions to law library access—Defendant has failed to show that extraordinary circumstances prevented him from timely filing his motion.[3] *See Tinsman*, 2022 WL 3208346, at *4 ("As it stands, we cannot tell how much the lockdowns interfered with Petitioner's ability to timely move for § 2255 relief."). In reply, Defendant also asserts that he "possess[ed] no previous knowledge" of the one-year limitations period "due to the closure of the law library." *Id.* But a prisoner's "alleged ignorance of AEDPA's one-year limitations period does not support the application of equitable tolling principles." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *see also Marsh*, 223 F.3d at 1220 ("[I]t is

---

[3] The Government raised the equitable tolling issue in its Response. *See* [Doc. No. 1545] at 3–5. In his Reply, Defendant only offers that the "Director of Bureau of Prisons initiated a complete lockdown of Bureau facilities including but not limited to attorney visits; visitation; programs; law library etc.[] Indeed, the very manner in which meals were served was affected." [Doc. No. 1554] at 1. These additional facts do not provide the necessary specificity. *See Marsh*, 223 F.3d at 1221(affirming denial of equitable tolling when petitioner failed to articulate "how [a] lack of access [to the prison law library] caused his delay in filing").

4

well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)).

Moreover, there is no indication that Defendant diligently pursued his claims. As the Government notes, Defendant asserts that he asked his trial counsel to file an appeal but does not describe any "effort to follow up with his attorney or obtain other legal resources during the 16-month period after sentencing." Resp. [Doc. No. 1545] at 4. *Cf. Pena-Gonzales v. State*, No. 21-3174, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (declining COA request when prisoner did "not mention particular steps he took to 'finaliz[e] and fil[e] the petition' while the limitations period ran, 'such as drafting the petition or asking his appointed state counsel for information on the status of his state [habeas] proceedings'"). Because there is no evidence in the record that Defendant diligently pursued his claims, he has not carried the "strong burden" to show he is entitled to equitable tolling. *Yang*, 525 F.3d at 928.

For the reasons set forth, Defendant's Motion is untimely. Because the "the motion and the files and records of the case conclusively show that [Defendant] is entitled to no relief," an evidentiary hearing under 28 U.S.C. § 2255(b) is not required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).

IT IS THEREFORE ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 1537] is DENIED. A judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability

5

("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Further, where a claim is dismissed on procedural grounds without reaching the merits, a petitioner must also show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review, the standard is not met in this case. Therefore, a COA is DENIED, and the denial shall be included in the judgment.

IT IS SO ORDERED this 2nd day of June, 2023.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE